IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>ATHENEX, INC.,<br><br>Post-Effective-Date Debtor.[1] | Chapter 11<br><br>Case No. 23-90295 (MI)<br><br>(Jointly Administered) |
| Emerald Capital Advisors, as Liquidating Trustee of the Athenex Liquidating Trust,<br>           Plaintiff,<br>v.<br><br>Freed Maxick & Battaglia, PC,<br>            Defendant. | Adv. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Emerald Capital Advisors, in its capacity as liquidating trustee (the "Plaintiff" or "Liquidating Trustee") of the Athenex Liquidating Trust (the "Liquidating Trust"), established by the *Debtors' Combined Disclosure Statement and Plan of Liquidation of Athenex, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [ECF No. 501] (the "Plan"),[2] confirmed by an order of the United States Bankruptcy Court for the Southern District of Texas entered on September 12, 2023 [ECF No. 595] in the above-captioned chapter 11 bankruptcy proceeding of the above-captioned post-effective date debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Freed Maxick & Battaglia, PC (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

---

[1] A complete list of each of the debtors in these Chapter 11 Cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/athenex.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (i) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for Southern District of Texas (the "Court") has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.). The underlying chapter 11 bankruptcy cases are captioned *Athenex, Inc.,* Case No. 23-90295 (MI).

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In addition, Plaintiff confirms its consent, pursuant to Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue of the Debtors' chapter 11 cases and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

## PROCEDURAL BACKGROUND

7. On May 14, 2023 (the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On September 5, 2023, the Debtors filed a *Notice of Filing Amended Plan Supplement for the Combined Disclosure Statement and Plan of Liquidation of Athenex, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [ECF No. 573], to which the Liquidating Trust Agreement was attached as Exhibit C.

9. On September 12, 2023, the Court entered the *Order Granting Final Approval of Disclosure Statement and Confirming Plan of Liquidation of Athenex, Inc. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [ECF No. 595] (the "Confirmation Order"), confirming the Plan, which went effective on September 22, 2023. *See Notice of (i) Confirmation and Occurrence of Effective Date of Debtors' Plan of Liquidation and (ii) Deadlines for Filing Certain Claims and Requests for Payment* [ECF No. 621].

10. The Plan provided for, among other things, the establishment of the Liquidating Trust, and the appointment of Emerald Capital Advisors as Liquidating Trustee. *See Confirmation Order* at ¶ O; Liquidating Trust Agreement.

11. Pursuant to Plan, on the Effective Date, all avoidance actions vested in the Liquidating Trust. *See* Plan, at § XVI(E) (Preservation of Rights of Action) ("Except as otherwise provided in the Plan or Confirmation Order, in accordance with Section 1123(b)(3) of the

3

Bankruptcy Code, any Trust-Retained Action[3] that the Debtors hold or may hold against any Entity shall vest upon the Effective Date in the Liquidating Trust, …").

## THE PARTIES

12. Pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement, the Liquidating Trustee has exclusive authority to settle or compromise any disputed general unsecured claim and to pursue, settle, or abandon causes of action belonging to the Liquidating Trust. *See* Plan §§ XII(C), XIV(F–G); Confirmation Order ¶¶ 5, 12–13; Liquidating Trust Agreement § 3.1.

13. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 424 Main Street, Suite 800, Buffalo, NY 14202.

## FACTUAL BACKGROUND

14. Prior to the Petition Date, the Debtors maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

15. During the ninety (90) days before and including the Petition Date, that is between February 13, 2023 and May 14, 2023 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

16. One or more of the Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not

---

[3] "Trust-Retained Actions" include "all Avoidance Actions, …". "Avoidance Actions" include "any and all avoidance recovery, subordination, or other claims, actions, or remedies which any of the Debtors, the Estates, or other appropriate party in interest has asserted or may assert under sections 502, 510, 542, 544, 545, or 547 through 553 of the Bankruptcy Code or under similar or related state or federal statutes and common law." *See* Plan, at § III (Defined Terms).

less than the amount set forth on **Exhibit A** hereto (the "Transfer" or "Transfers"). The details of each Transfer are set forth on **Exhibit A** and incorporated by reference. Such details include "Debtor Transferor," "Transferee," "Transfer Date," "Transfer Amount," and "Total Aggregate Transfer Amount."

17. Plaintiff is seeking to avoid all of the Transfers made by the applicable Debtor(s) to Defendant within the Preference Period.

18. Prior to filing this Complaint, and as part of the due diligence requirements under the statutes applicable to this action, Plaintiff undertook a review of the information and date underlying this avoidance action, which review included, among other things, the identification of the entities who received payments during the Preference Period.

19. Additionally, on or about March 5, 2024, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

20. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), including the review and evaluation described in the three immediately preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

21. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors, as well as interests of the Debtors

in property, to or for the benefit of Defendant or any other transferee. Plaintiff reserves the right to amend this original Complaint to include the following: (a) further information regarding the Transfer(s); (b) additional transfers; (c) modifications of and/or revision to Defendant's name; (d) additional defendants; (e) additional Debtor plaintiffs; and/or (f) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

23. As more particularly described on **Exhibit A** attached hereto and incorporated herein, during the Preference Period, the Debtor(s) identified on **Exhibit A** made each Transfer to or for the benefit of Defendant in an aggregate amount not less than $72,862.00.

24. Each Transfer was made from the Debtor(s) identified on **Exhibit A**, and constituted transfers of an interest in property of the transferring Debtor(s) as identified on **Exhibit A**.

25. Defendant was a creditor at the time of each Transfer by virtue of supplying the Debtor(s) identified on **Exhibit A** the goods and/or services identified in this Complaint, for which the Debtor(s) identified on **Exhibit A** were obligated to pay following delivery.

26. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on **Exhibit A** to Defendant.

27. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on **Exhibit A** to Defendant before such Transfers were made, as asserted

by Defendant, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s) as set forth on **Exhibit A** hereto.

28. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

29. Each Transfer was made during the Preference Period, as set forth on **Exhibit A**.

30. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtors' chapter 11 cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors, among other creditors, will not receive payment of their claims in full from the Debtors' bankruptcy estates.

31. In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

32. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

33. To the extent one or more of the Transfers identified on **Exhibit A** was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one Debtor without a corresponding transfer into the payment account by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such

7

transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

    a.    The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

    b.    The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

    c.    The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

34.    Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

### Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

35.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Third Claim for Relief.

36.    Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and/or any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

37.    Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

38.    Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### Fourth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

39.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the

extent they are not inconsistent with allegations contained in this Claim for Relief.

40. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

41. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

42. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

43. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to section 502(d) and (j) of the

Bankruptcy Code; and

    C.    Such other and further relief as this Court may deem just and proper

Date: May 13, 2025

**MCKOOL SMITH, PC**

*/s/ John J. Sparacino*
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
jsparacino@mckoolsmith.com
mvenus@mckoolsmith.com

-and-

**PORZIO, BROMBERG & NEWMAN, P.C.**
Warren J. Martin Jr. (admitted *pro hac vice*)
Robert M. Schechter (admitted *pro hac vice*)
Rachel A. Parisi (admitted *pro hac vice*)
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
WJMartin@pbnlaw.com
RMSchechter@pbnlaw.com
RAParisi@pbnlaw.com

*Counsel to the Plaintiff, the Liquidating Trustee for the Liquidating Trust of Athenex, Inc., et al.*